USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANGUARD LOGISTICS SERVICES (USA), INC., et al.,

                Plaintiffs,

-against-

BEEMAC, INC., et al.,

                Defendants.

24-CV-08527 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    This case involves a shipment of goods that allegedly went missing while in the possession of an agent of Defendants Beemac, Inc. and Beemac Logistics LLC (the "Beemac Defendants"). Plaintiffs, in their capacity as freight logistics service providers, contracted with the Beemac Defendants to arrange for truck delivery of cargo from the Port of Los Angeles, California to three locations in Texas. On or about March 6, 2024, the Beemac Defendants took custody of the cargo and assigned its delivery to a driver (Ranjodh Singh, a Defendant in this case who has yet to appear). The cargo was never delivered to the destinations in Texas and was allegedly stolen by Singh.[1]

    The Beemac Defendants have moved to dismiss for lack of personal jurisdiction, lack of venue, and failure to state a claim. Dkt. Nos. 21-24. Plaintiffs' arguments in favor of jurisdiction and venue are primarily based on a forum selection clause in Plaintiff's standard bill of lading. See Dkt. No. 29. Defendants argue that those terms, and the forum selection clause specifically, were never tendered or disclosed to Defendants. See Dkt. No. 22 at 7-9. Plaintiffs' arguments to the contrary rely primarily on course of conduct and general notice principles; they

---

[1] These alleged facts are taken from the Complaint and are assumed true for purposes of this Order. See Dkt. No. 5.

have alleged no facts regarding specific notice to Defendants of any forum selection clause related to the transactions that are the subject of this litigation. *See* Dkt. No. 29 at 6. Because personal jurisdiction and venue in this district are dubious at best, the Court will exercise its discretionary authority under 28 U.S.C. §§ 1404(a) and 1406(a) to transfer this case to the Western District of Pennsylvania, which is the home district of the Beemac Defendants.

The appropriate venue in a civil action is either (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Parties may agree to both jurisdiction and venue in another forum through contractual forum selection clauses, *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103, 105 (2d Cir. 2006), but such clauses must be valid and enforceable, *see Farrell Lines Inc. v. Columbus Cello-Poly Corp.*, 32 F. Supp. 2d 118, 125-128 (S.D.N.Y. 1997), *aff'd sub nom. Farrell Lines Inc. v. Ceres Terminals Inc.*, 161 F.3d 115 (2d Cir. 1998). The party seeking to enforce a putative forum selection clause bears the burden to show that the clause was reasonably communicated to the party resisting enforcement. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). Even where a forum selection clause is presumptively enforceable, the party opposing enforcement can rebut that presumption by showing that, under the circumstances, enforcement would be unreasonable or unjust. *Id.* at 383-84.

A district court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice. Even if venue were proper in this district (and, as noted, that is far from clear), a court has discretionary authority to transfer a case if it promotes the interests of justice to do so. 28 U.S.C. § 1404(a). Whichever statute applies here, a transfer of venue is warranted.

In ordering a discretionary transfer under Section 1404(a), district courts should make determinations of convenience and fairness by weighing the particular facts of the case. In so doing, courts consider a variety of factors including: the plaintiff's choice of forum, the convenience and accessibility of witnesses, the location and ease of access to other sources of proof, the convenience and relative means of the parties, the enforceability of a judgment if one is obtained, and all other practical considerations that tend to make litigation and trial expeditious and economical. *See, e.g., D.H. Blair*, 462 F.3d at 106-07.

Here, there is no apparent connection to this District other than the forum selection clause, which appears likely unenforceable in this particular case. The Plaintiffs have principal places of business in Long Beach, California, and in Hong Kong, and are incorporated in their respective locations. *See* Dkt. No. 5 ¶¶ 1-2. The Beemac Defendants are both Pennsylvania corporations with their principal place of business in Ambridge, Pennsylvania (within the Western District of Pennsylvania).[2] *See id.* ¶¶ 3-4. The relevant events underlying the claims took place in either the Central District of California or in the Western District of Pennsylvania, and the witnesses and documents are similarly located primarily in those two districts. *See id.* ¶¶ 3-4, 32. Because the disputed facts in the case appear to center around actions taken by (or not taken by), and the associated knowledge of, employees of the Beemac Defendants, the Court finds that, overall, the factors favor venue in the Western District of Pennsylvania, and there can be no question that the Beemac Defendants are subject to personal jurisdiction in that court. Furthermore, the Plaintiffs have themselves suggested that transfer to the Western District of

---

[2] The other defendants have not appeared in this action. Defendant Goldenwheels, Inc. was served on December 13, 2024 (*see* Dkt. No. 19) but has never appeared, nor have Plaintiffs requested a Clerk's Certificate of Default or taken any other action on the apparent default. Although a summons was issued for Defendant Ranjodh Singh (*see* Dkt. No. 7) it does not appear that he was ever served and the time to serve has expired.

Pennsylvania would be a suitable alternative to granting the motion to dismiss outright. *See* Dkt. No. 29 at 9-10.

Because there are, at a minimum, serious questions about the enforceability of the forum selection clause relied on by Plaintiffs; because the Beemac Defendants have raised substantial issues regarding both the enforceability of the clause as a contractual matter and the unreasonableness of enforcing it under the circumstances of this case; because no other basis for personal jurisdiction or venue has been pled or argued; and because the Court finds that, in any event, transfer to the Western District of Pennsylvania would be in the interests of justice, it is hereby ORDERED that this case is transferred to that District. The motion to dismiss is DENIED as moot, without prejudice to renewing the portion of the motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Clerk of Court is respectfully directed to take all necessary steps to transfer this case to the Western District of Pennsylvania.

Dated: June 12, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge